# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RANDY J. PERRY,

      Plaintiff,

v.                                            Case No. 6:23-cv-179-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.

## **OPINION AND ORDER**[2]

### **I.  Status**

Randy J. Perry ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of significant issues with his heart (including congestive heart failure, stroke(s), installation of a pacemaker, and edema in both legs) and right hip (for which he underwent a hip replacement). Transcript of Administrative

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed April 28, 2023; Reference Order (Doc. No. 17), entered May 1, 2023.

Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed April 28, 2023, at 158, 172, 428, 456. Plaintiff protectively filed an application for DIB on November 1, 2019, alleging the same date as his disability onset.[3] Tr. at 404-07; see also Tr. at 158, 172. The application was denied initially, Tr. at 158-69, 170, 190, 191-93, and upon reconsideration, Tr. at 171-84, 185, 201, 203, 204-23.[4]

On November 18, 2020, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Plaintiff, who was represented by counsel; a vocational expert ("VE"), and medical expert Jack Lebeau, M.D. ("First ME"). See Tr. at 116-57. The ALJ held a supplemental hearing[6] on April 13, 2021, during which he heard from Plaintiff (still represented) and a second ME, Arthur Lorber, M.D. ("Second ME"). Tr. at 97-115. The ALJ held another supplemental hearing[7] on September 21, 2021, during which he heard from Plaintiff (still represented) and a third ME, Morton Tavel, M.D. ("Third ME").

---

[3] Plaintiff also filed for supplemental security income (SSI) but was denied because his income was too high. Tr. at 186-89. That determination is not at issue here.

[4] Some of these cited documents are duplicates.

[5] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 118, 481-82.

[6] This hearing was also held via telephone with Plaintiff's consent. Tr. at 101, 319-20.

[7] This hearing was also held via telephone with Plaintiff's consent. Tr. at 80, 83, 349-62, 509-10.

Tr. at 78-96. The ALJ convened another hearing on February 3, 2022 but continued it because a ME was not available. Tr. at 71-77. The ALJ held a final supplemental hearing[8] on June 7, 2022, during which he heard from Plaintiff (still represented), a second VE, and the Third ME. Tr. at 46-70. On June 27, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 23-37.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his counsel. See Tr. at 5-6 (Appeals Council exhibit list and order), 398 (request for review), 517-18 (brief). On December 2, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On February 1, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends the ALJ: 1) "failed to apply the correct legal standards to [Plaintiff's] testimony regarding his impairments and resulting limitations"; and 2) "failed to apply the correct legal standards to Dr. Roque and Dr. Swain's opinions that [Plaintiff] needed to elevate his legs." Plaintiff's Brief (Doc. No. 19; "Pl.'s Br."), filed May 30, 2023, at 4, 9 (emphasis and omitted). On

---

[8] This hearing was also held via telephone with Plaintiff's consent. Tr. at 49, 51.

June 26, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing the issues.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for consideration of Plaintiff's contention that stress exacerbates his conditions, and whether Plaintiff as a result needs a low- or no-stress work environment. On remand, reevaluation of this evidence may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[9] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[9] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

(Continued…)

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where he ended the inquiry based upon his findings at that step. See Tr. at 27-37. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since November 1, 2019, the alleged onset date." Tr. at 27 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: Bilateral hip pain, status post left hip replacement; pacemaker implant; coronary artery disease with a history of several bypass graft surgeries; obesity." Tr. at 27 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an

---

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 28 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§] 404.1567(a) except [Plaintiff] can lift and/or carry 10 pounds occasionally, and less than 10 pounds frequently. [Plaintiff] can stand and walk for a total of two hours in an eight-hour workday. [Plaintiff] can sit for a total of six hours in an eight-hour workday. [Plaintiff] should never climb stairs or ramps, ladders, ropes, or scaffolds. He can never crouch or crawl. [Plaintiff] should rarely stoop or kneel. [Plaintiff] should avoid all exposure to unprotected heights, moving mechanical parts, extreme heat, and extreme cold. [Plaintiff] should avoid even moderate exposure to dust, odors, gases, and pulmonary irritants. [Plaintiff] can frequently use either foot to operate controls, bilaterally.

Tr. at 28 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a User Support Analyst and Database Administrator." Tr. at 36 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from November 1, 2019, through the date of th[e D]ecision." Tr. at 37 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating his "testimony regarding his impairments and resulting limitations." Pl.'s Br. at 4 (emphasis omitted). Focusing on his testimony about how stress affects his conditions, Plaintiff asserts the ALJ never recognized or addressed it in any way. Id. at 5-9. Nor, according to Plaintiff, did the ALJ properly analyze Plaintiff's symptom allegations generally. See id. Responding, Defendant argues Plaintiff's "argument is speculative [and] lacks evidentiary basis." Def.'s Mem. at 4. Moreover, according to Defendant, the ALJ "adequately considered Plaintiff's cardiac issues and properly declined to assess a limitation to jobs with no stress." Id.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Here, the ALJ very briefly summarized Plaintiff's April 13, 2021 testimony, together with Plaintiff's representative's June 7, 2022 hearing allegations about the effects of Plaintiff's impairments. Tr. at 29. In so doing,

the ALJ neglected to reference any of the contentions about stress affecting Plaintiff's conditions. See Tr. at 29. During the June 7, 2022 hearing, Plaintiff's representative specifically pointed out Plaintiff's treating physician's opinion that "stress" affects Plaintiff's cardiac conditions, and argued Plaintiff "needed a low-stress type of job." Tr. at 53 (referring to Ex. "12F," the Medical Questionnaire completed by George E. Rogue, M.D., located at Tr. at 1183-85). Moreover, Plaintiff testified about the "extremely high" stress levels of his past work, the effect of stress on his blood pressure, and efforts to adjust medications and dosages related to the stress. Tr. at 69. According to Plaintiff, his cardiologist agreed that stress was a factor contributing to his cardiac problems, telling Plaintiff the "job is not good." Tr. at 69. So, as a result, Plaintiff took a "retirement" at age 62 and has "been trying to live a . . . less stressful life." Tr. at 69.

The ALJ, when discussing Plaintiff's allegations, found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 29. But, nowhere in the Decision does the ALJ address the stress issue, see Tr. at 27-36, which certainly can be considered an aggravating factor in Plaintiff's condition, see 20 C.F.R. § 404.1529(c)(3)(i). Moreover, contrary to Defendant's argument

that Plaintiff's stress allegation is "speculative," Plaintiff's treating physician, Dr. Rogue, opined that an aggravating factor for Plaintiff's condition is "stress." Tr. at 1185. Despite being advised of the existence of this very opinion during the June 7, 2022 hearing, Tr. at 53, the ALJ in the Decision did not recognize or analyze this aspect of Dr. Rogue's opinion, Tr. at 34. The omissions are not harmless, either. The ALJ found Plaintiff is capable of performing his past relevant work, Tr. at 36, but the VE testified that a "low-stress work environment" would "limit" such a finding in an unspecified way, Tr. at 66-67. Reversal with remand is required for consideration of Plaintiff's allegations about the impact of stress on his conditions, together with Dr. Rogue's opinion on the matter, as well as whether Plaintiff needs a no- or low-stress work environment.

## V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Consider Plaintiff's allegations about the impact of stress on his conditions, together with Dr. Rogue's opinion on the matter, as well as whether Plaintiff needs a no- or low-stress work environment;

- 11 -

(B)  If appropriate, address Plaintiff's other argument in this appeal; and

(C)  Take such other action as may be necessary to resolve this claim properly.

2.  The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 27, 2024.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record