# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RANDY J. PERRY,

        Plaintiff,

v.                                                                                          Case No. 6:23-cv-179-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

        Defendant.
_____/

## O R D E R

This cause is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 24; "Motion"), filed June 13, 2024. In the Motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,288.76, and reimbursement of the filing fee in the amount of $402.00. Motion at 1-3, 5. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 3.

Plaintiff's counsel indicates a total of 17.5 hours were expended by two attorneys in the representation of Plaintiff before the Court: 0.9 hours by attorney Richard A. Culbertson; and 16.6 hours by attorney Sarah P. Jacobs. Id. at 2, 7; see id. at 11-12 (attached Schedules of Hours). Plaintiff requests an hourly rate of $244.62 for hours from 2023 and $250.26 for hours from 2024. Id. at 2, 7. Plaintiff is seeking a higher hourly rate than the $125 specified by

statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees.[1] Further, the number of hours expended is reasonable.

Plaintiff also requests reimbursement of $402.00 in costs expended for the filing of the Complaint (Doc. No. 1). Motion at 1, 3, 10. Defendant does not oppose this request, and the Court finds it to be appropriate. See 28 U.S.C. §§ 1920, 2412(a)(1).

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. Motion at 2; Retainer Agreement (Doc. No. 24-1). Plaintiff represents as follows regarding the assignment:

> [A]fter the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited October 3, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

Motion at 2.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 24) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $4,288.76 pursuant to 28 U.S.C. § 2412(d), and for costs in the amount of $402.00.

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on October 4, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record